**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **DONALD MILLER,**<br><br>*Petitioner*,<br><br>v.<br><br>**DAVID CLOSE, et al.,**<br><br>*Respondents*. | **Case No. 2:23-cv-00021-JDW** |

<u>**MEMORANDUM**</u>

Donald Miller objects to Magistrate Judge Elizabeth T. Hey's Report and Recommendation that I deny his amended petition for a writ of habeas corpus. I will approve and adopt Judge Hey's R&R because, after review, I conclude that the R&R identifies the issues Mr. Miller raised in his petition, cites the correct standard of review, and applies that standard to the facts. I address Mr. Miller's objection below.

## I.  BACKGROUND[1]

On January 3, 2023, Mr. Miller filed a Petition Under 28 U.S.C. § 2254 For A Writ Of Habeas Corpus, challenging his 2015 state court convictions for first-degree murder, firearms not to be carried without a license, and carrying a firearm in public in

---

[1]  Judge Hey's R&R sets forth the relevant facts, as determined by the state trial court. I adopt the facts as set forth in the R&R and need not repeat them here.

Philadelphia. Mr. Miller raised the following claims: (1) direct appellate counsel was ineffective for failing to raise the denial of the *Batson* challenge; (2) the state court applied the wrong standard in rejecting the claim that trial counsel was ineffective for failing to litigate a motion to suppress; and (3) trial counsel was ineffective for failing to convey and consult with Mr. Miller regarding a plea offer. I referred Mr. Miller's Petition to the Honorable Elizabeth T. Hey, United States Magistrate Judge, for a Report and Recommendation. Mr. Miller then obtained counsel, and Judge Hey granted him leave to file an amended petition. In the amended petition, Mr. Miller withdrew the ineffective assistance claim regarding the motion to suppress and modified his ineffective assistance claim for trial counsel's failure to consult about the plea deal, recasting it as a claim that counsel failed to pursue a plea deal altogether. He also asserted two additional claims that the trial court erred in denying the *Batson* motion and that trial counsel was ineffective for failing to preserve the motion.

On September 25, 2025, Judge Hey issued an R&R recommending that I dismiss Mr. Miller's Petition. Judge Hey determined that (1) the *Martinez* exception does not apply to claims of trial court error; (2) trial counsel's performance was effective regarding the *Batson* motion; (3) the *Martinez* exception does not apply to claims of ineffective assistance of direct appeal counsel; and (4) Mr. Miller cannot substantiate the claim that counsel failed to pursue a plea deal. Mr. Miller objected to Judge Hey's recommendation that I deny his claim based on trial counsel's failure to pursue a plea agreement, arguing that Judge Hey erred in refusing without explanation to convene a hearing to allow him

to establish cause to excuse his default in failing to exhaust this claim. This objection is ripe for review.

## II.   LEGAL STANDARD

The federal habeas statute, 28 U.S.C. § 2254, limits a district court's review to whether a state court's adjudication was the product of an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). The court's review is limited to the state court record, unless the petitioner can satisfy either of two exceptions listed in § 2254(e)(2): (1) a new rule of constitutional law applied retroactively; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2)(a)(i)-(ii).

## III.   DISCUSSION

### A.   Mr. Miller's Objection Has No Merit

Mr. Miller acknowledges that his ineffective assistance claim regarding trial counsel's failure to pursue a plea deal is procedurally defaulted. However, he is wrong that Judge Hey erred in refusing without explanation to convene a *Martinez* hearing to allow him to establish cause to excuse that default. As an initial matter, Mr. Miller waived his request for a *Martinez* hearing as to this claim by failing to include that request in his Amended Petition and supporting brief. *See Wilson v. Colvin*, 218 F. Supp.3d 439, 453 (E.D. Pa. 2016). In fact, before Judge Hey issued her R&R, Mr. Miller took a contrary

position, arguing that "the existing state court record by itself establishes PCRA counsel's ineffectiveness and no further evidentiary development is needed." (ECF No. 21 at 11.) In any event, even if Mr. Miller did not waive the issue, I would still overrule his objection because Judge Hey *did* explain why a hearing was not warranted under *Martinez*, and her reasoning was sound.

Martinez provides a limited avenue for relief as to procedurally defaulted claims. *See Martinez v. Ryan*, 566 U.S. 1 (2012). To rely on the equitable exception in *Martinez* to excuse the default of his claim, Mr. Miller must show: (1) ineffective counsel on post-conviction review caused the default; (2) counsel's ineffectiveness occurred in the first collateral proceeding when the defaulted claim could have been raised; and (3) the defaulted claim is substantial, meaning it has some merit. *See Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 762-63 (3d Cir. 2018) (citing *Martinez*, 566 U.S. at 14). However, as Mr. Miller acknowledges,[2] the Supreme Court's subsequent decision in *Shinn v. Ramirez*, 596 U.S. 366 (2022) "makes *Martinez* a dead letter in many cases[.]" *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 723 (3d Cir. 2022). That is because in *Shinn*, the Court held that "when a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's

---

[2]   Mr. Miller concedes that *Shinn* "sharply curtails the protections *Martinez* provided" and laments that "[w]hat the Court giveth in 2012 [in Martinez], only 10 years later it taketh away [in *Shinn*]." (ECF No. 21 at 11.)

defaulted claim unless" the petitioner can show one of two statutory exceptions: (1) a new, and previously unavailable, retroactively applicable constitutional rule; or (2) a factual predicate that could not have been previously discovered through due diligence. *Shinn*, 596 U.S. at 381, 389 (citing 28 U.S.C. § 2254(e)(2)(a)(i)-(ii)). In short, if neither exception applies, "federal courts may not consider evidence first gathered during [a *Martinez*] hearing ... to decide the constitutional claim on the merits." *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 723 (3d Cir. 2022).

Judge Hey identified the relevant factors and explained why a *Martinez* hearing could not salvage Mr. Miller's claim. I agree with Judge Hey that neither exception applies in this case, and Mr. Miller has not offered any basis to conclude otherwise. Absent a showing that either exception applies, "federal courts must skip hearings altogether and deny habeas relief unless the prisoner prevails on the merits [of the underlying ineffectiveness claim] considering only the state court record." *Id.* at 723-24. As Judge Hey determined, Mr. Miller cannot "demonstrate that his IAC claim merits relief" because "there is no record upon which [to] evaluate this claim ...." (ECF No. 34 at 19.) Because I am confined to considering the state court record to evaluate this claim, and because the state court "record is silent as to any plea offer" (*id.* at 14), "a *Martinez* hearing would be a waste of time." *Williams*, 45 F.4th at 723. Thus, Mr. Miller's objection is overruled.

**B.      The Remainder of the R&R**

Mr. Miller did not object to any other aspect of the R&R. Thus, I apply a plain error standard of review to the remaining portions. See *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). Having reviewed the record and the Parties' submissions, I find no plain error in the R&R.

**IV.      CONCLUSION**

Mr. Miller disagrees with his conviction, but he has not shown that Judge Hey erred in her determination that his claims are procedurally defaulted and lack merit. I will therefore overrule his objection and dismiss his petition. In addition, I conclude that reasonable jurists have no basis to disagree with these conclusions, nor has Mr. Miller otherwise made a substantial showing of a violation of a constitutional right. Therefore, I will not issue a Certificate Of Appealability. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 27, 2026

6